Good morning, your honors. Bo Sterling on behalf of defendant appellant Cole. Defendant Cole was charged with being a felon in possession of a firearm and ammunition. It was a stainless steel p230 six-hour semi-automatic subcompact semi-automatic handgun. The government's evidence against mr. Cole was equivocal. The first trial resulted in a mistrial on jury and in the second trial he was convicted. The issue in both trials was possession either actual or constructive of the semi-automatic handgun. The pistol was found in the AC vent in a common area of the home that mr. Cole shared with another person. He was not the only person on the lease. The other person Cynthia Cole had a also lived in that home. There were no fingerprints on the gun or on the ammunition or on the magazine inside the gun. The officers, two officers Alsup and Palmer, officer Alsup admitted that he never saw the defendant Cole with the gun that was actually found in the in the air-conditioning vent. He did say that he saw an african-american arm in the window holding what he thought to be a which is a different weapon than the semi-automatic that was actually found. Officer Palmer similarly testified that he saw an african-american arm with what he thought to be or what he said could have been the semi-automatic. Officer Palmer didn't give a report so we're just relying on his testimony at trial. Early in the day Homer Bryant had said that he was threatened in traffic by Cole and that Cole at that time was brandishing a dark large frame revolver. Again a different description than the gun that was actually found in Cole's home. One bit of evidence that was not allowed at trial was testimony or rather statements made to officer Kelly by Cynthia Cruz the other occupant occupant of the home. Cynthia Cruz according to the informal offer of proof made by defense counsel had stated that she did have a gun. She didn't specifically say that she had that gun that was found but she did say she had a gun in the house so that would have been relevant to the possession issue. That evidence was excluded by the district court on hearsay grounds. It was stolen and so we have argued and defense counsel argued below that the interest the district court disagreed with that and the evidence never did come in. Well when you say it turns out it was stolen is there any evidence of who knew it was stolen and when they knew that? Well officer Kelly testified or I'll get the exact citation for you when I come back but yeah one officer testified that when he made the report and it must have been officer Kelly that when he made I'm sorry must have been I'll get the citation for you but one officer did testify that when he was writing up the report after the incident the house that he ran the records on the gun and again it also came. But is there any link that she knew it was stolen? Oh well we're not sure exactly what she testified to. Well because I mean I'm just was remembering what the prosecutor said the detective he said the detective asked her if there was a gun found wouldn't it be your gun she says no I don't have a gun and then he goes on to say was there a gun in the house is that your gun and she said not that I know of it's not mine. So any other statement she made was pretty equivocal. It's hard to exactly understand why those would be statements against interest. Well we're not we don't have the actual statements in the record your honor that the defense counsel to make an informal offer of proof and according to defense counsel she said that she knew that the gun that she did have a gun in the house. No but even so there's no evidence that she knew it was stolen. If she didn't know it was stolen it's not a statement against interest is it? Because she's not a felon. If it turns out that she says she didn't know it was stolen then no no not if it turns out the question is what evidence is there that she knew it was stolen? None. None other than what the defense counsel represented her statement. Well you didn't represent that she knew it was stolen? No. So there's no evidence that she knew it was stolen so it's not a statement against interest is it? How can it be? Unless she's an ex-felon is she? We don't know that. You don't know that either. So how can it be a statement against interest? Well I think from the record perhaps it doesn't show that. But how how else could we how else would we know? We have the prosecutor supposedly quoting from the transcript. We don't have the transcript before the judge as far as we know. That's true. And let me just step back for a minute, Your Honors, and maybe address this in a more general way. The motion in Limine was was filed with the court at 559 p.m. the day before the 9 o'clock trial. Defense counsel didn't receive the motion in Limine until that morning when he was in State court, managed to scribble some notes on the back of it, and then come to court and argue it. So in defense of the defense counsel's presentation of the arguments, and to the extent that they're they're somewhat deficient, I think they can be explained by the short notice that he had. All right. But that's not really the issue on appeal, isn't that somehow the judge short-circuited the defense counsel in presenting his case, is it? I mean, all we're saying is that we we what we have in front of us is what what the district judge heard. So I don't think there would be any legal basis for us to kind of go back and try to recreate what he might have heard if he didn't hear it. No, I agree with you. We can't recreate what he might have heard. But here I think the better procedure would have been. And I think given the circumstances, it's not unfair. It's not fair to expect defense counsel to have made all these arguments. The better procedure is to let Officer Kelly take the stand during the trial, voir dire him outside the presence of the jury as to what to say before him. Did you appeal on that point? We don't argue that specifically in the brief. Right. So, I mean, there's a lot of things that would look that in the light of day we all wish we might have done something different at trial. But it seems that on appeal, that's not a point that you're challenging, and that is the procedural aspect. So I'm not sure that it would be appropriate for us to even consider what might be better practice. I think in light of everything that happened at the trial, the Court could look at that as plain error under its authority to do so. I'm going to go ahead and reserve the rest of my time, unless the Court has other questions. Thank you. As Your Honor has quite rightly pointed out, Rule 10a of the Federal Rules of Appellate Here, then, we only have the litigants' characterizations of what Cynthia Cruz said in an unsworn interview with Detective Kelly two days after Cynthia Cruz was arrested for child endangerment. And as Your Honor has quite rightly pointed out, these statements are equivocal at best. They do not, in the language of Hoyos, the Ninth Circuit case that's squarely on point, subject the declarant Cruz in any, quote, real and tangible way to criminal liability. I would note from the first trial, in opening statement, defense counsel acknowledged, quote, she didn't acknowledge that the weapon found in this house was hers. That's on page 25 of the excerpts of record. And in the colloquy before the second trial, before the district judge, on page 432 of the excerpts of record, counsel again concedes, quote, she doesn't go so far as to say that gun that was found was hers. Well, we know from In re Hunt that the defendant the appellant bears the burden of providing a record on appeal that clarifies all of the issues. And this Court held in In re Hunt, quoting Anderson v. Coming, that the appellant must bear the burden of a factual record that is incomplete on the issues that it raises. In this case, at best, we have, therefore, declarant Cruz in an unsworn statement saying she might have owned a gun, she might have possessed a gun. It's unclear from the record whether this is even the gun charged in the indictment. It's also, as Judge Tashima correctly pointed out, if she has no criminal record, it's perfectly lawful for her to possess a gun. And finally, under 18 U.S.C. 922J, possession of a stolen firearm, even assuming arguendo that the record shows clearly enough that it was stolen, and I would respectfully submit that it does not, that's only relevant if the possessor of the firearm knew or had reason to believe that the gun was stolen. And in this case, assuming we can even figure out what gun Cruz allegedly possessed, there's no evidence that Cruz knew or had reason to believe that that gun was a stolen firearm. This is what this Court noted in Ora Pisa, that it's not a crime for a declarant to possess a weapon. Even if defendants satisfied that second prong of a declaration against interest, and I would submit that defendant does not, pardon me, that appellant does not, the statements do not clearly indicate the circumstances, pardon me, do not clearly indicate the trustworthiness of the hearsay statement in both Ora Pisa and Hoyos. The circumstances were deemed not to clearly indicate the trustworthiness of the hearsay statement. Why? Because those circumstances indicated that the statement was not spontaneous. In Ora Pisa, the Court noted the statement was not spontaneous because it was made after the declarant, like Cruz in the present case, had been jailed and arrested. Same thing in Hoyos. Clear corroboration, lacking, because the statements were not made in a spontaneous manner. Here, the colloquy between Declarant Cruz and Detective Kelley were made on March 2nd, 2004, two days after the declarant was arrested for child endangerment. And these statements were not made under oath. As I read the attachment to the defendant to the appellant's motion to supplement the record, the detective states, hi, my name is Joe Kelley. I'm a detective with Metro. I'm trying to do a little follow-up on your arrest last night. I wondered if you would talk to me about it. These aren't the kinds of circumstances that the Ninth Circuit has held clearly demonstrate reliability. And for all of those reasons, and for those set forth in the answering brief, we'd ask that appellant's conviction be affirmed. Thank you. You save some time for rebuttal. Regarding whether or not the gun was stolen, I would direct the Court to page 755 of the record. Say that page again, please. Thank you. Where Cole receives a two, adjusted two levels up on the sentencing for the fact that the gun was stolen. Was that something admitted in the PSR or? I haven't looked at the PSR. I don't know, Your Honor. Okay. As to whether or not there's additional corroborating circumstances for the 804b3 hearsay exception to apply, I think courts go both ways on whether this sort of custodial interrogation is likely to produce truthful statements or not. I would suggest in this circumstance that it was, that they were the circumstances that would produce a truthful statement. There were some other issues here, and I was hoping the Court would inquire into it. I think that there's probably a Crawford violation in this case beyond what the district court found, and it's not in the briefs. It's not in the briefs, unfortunately. But perhaps that could be explained by the fact that Washington, or Davis versus Washington, didn't come out until two weeks after the open brief was filed. And that's the case where the United States Supreme Court makes it clear that under certain circumstances, calls to 911, and in this case, we have the radio, the calls to the dispatch that were. Was there a reply brief in this case? There was. Was that cited in the reply brief? I know that Judge Carter is familiar with the struggles of trying to work Crawford into a trial. And in this case, what happened is similar to what happened in your case, Linda Mills, Your Honor, where you had the government come in in the first trial and put Bryant on the stand, and all the bad circumstances surrounding that relationship came out. In the second trial, the government didn't call Bryant, and instead laundered his testimony through the radio dispatches, through the written statement, comments on the written statement that were read into the record and testified to repeatedly by the witnesses. So instead of having the unsavory Bryant character testifying to having seen Cole with the gun, we have the squeaky clean officers talking about it. I'm not sure that the Court wants to pick up that issue under plain error analysis. I certainly think it would warrant additional briefing if the Court was willing to grant that. Thank you. The case just argued is submitted. Thank both counsel for your arguments. United States v. Cole is submitted.
judges: Tashima, McKeown, Carter